On Rehearing
HARDY, Judge.
The facts involved in this action are .adequately set forth in our opinion on original hearing. Rehearing was granted for the purpose of permitting a re-examination of the question of quantum. Our original judgment affirmed the award in favor of plaintiff, Lillian Llorens, in the amount of $1,500 for pain, suffering and disability, but reduced the award for medical expenses by the sum of $100 which had been allowed, in favor of the plaintiff, Leo Llorens, in connection with anticipated future medical expenses. Learned counsel for plaintiffs zealously and insistently argues that the awards are insufficient in view of the fact that plaintiff sustained an injury which will be permanent unless corrected by an operation.
After careful reconsideration of this point, we are impelled to the conclusion that plaintiff’s position is well taken. While we are not yet convinced that plaintiff’s disability is necessarily permanent, we are confirmed in the conclusion, as expressed in our original opinion, that the injury will be of indefinite duration and it follows that there is a possibility of some degree of permanent disability.
The preponderance of the medical testimony indicates the advisability of a corrective operation and plaintiff’s counsel has informed the court, in brief on application for rehearing, that the plaintiff contemplates undergoing such an operation. The testimony establishes the approximate cost of the suggested operation and the hospitalization and treatment incident thereto as being some $700. Unquestionably, the patient will be subjected to a substantial period of pain and suffering in connection with the operative procedure.
In view of the fact that the evidence does not justify a conclusion as to any definite period of disability, we think the appropriate basis for evaluating the awards to the respective plaintiffs should be considered with relation to the factors of operative expenses and pain and suffering in connection therewith.
After painstaking re-examination of the record with reference to plaintiff’s condition and probable future developments, w«. *348 are of the opinion that the award should be substantially increased in order to provide for the cost of an operation and to compensate plaintiff for the future pain and suffering involved in connection therewith.
For the reasons assigned our original decree herein is set aside and annulled and the judgment appealed from is amended by increasing the amount awarded in favor of the plaintiff, Leo Llorens, to the principal sum of $832, and the amount awarded in favor of the plaintiff, Lillian Llorens, to the principal sum of $2,500, and as amended the judgment is affirmed at the cost of the appellant, United States Fidelity & Guaranty Company.